**MELMED LAW GROUP P.C.**
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
Meghan N. Higday (SBN 334626)
mh@melmedlaw.com
Emily G. Horrigan (SBN 354753)
eh@melmedlaw.com
1801 Century Park East, Suite 850
Los Angeles, California 90067
Phone: (310) 824-3828
Fax: (310) 862-6851

Attorneys for Plaintiff, the Putative Class, and the Aggrieved Employees

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DEBORAH J. ROMBAUT, an individual, on behalf of herself, the State of California, as a private attorney general, and on behalf of all others similarly situated,

Plaintiff,

v.

US CONCEPTS LLC, a Delaware Limited Liability Company; and DOES 1 TO 50,

Defendants.

Case Number: 2:25-cv-02802

**Second Amended Class and Representative Action Complaint For:**

1. Failure to Pay All Minimum Wages,
2. Failure to Pay All Overtime Wages,
3. Failure to Provide Rest Periods and Pay Missed Rest Period Premiums,
4. Failure to Provide Meal Periods and Pay Missed Meal Period Premiums,
5. Failure to Pay All Wages Earned and Unpaid at Separation,
6. Failure to Indemnify All Necessary Business Expenditures,
7. Failure to Furnish Accurate Itemized Wage Statements,
8. Violations of California's Unfair Competition Law (Bus. & Prof. Code, §§ 17200–17210), and
9. Penalties Pursuant to the Labor Code Private Attorneys General Act of

2004 ("PAGA") for Violations of California Labor Code Sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2804, and Other Provisions of the Labor Code.

**Demand for Jury Trial**

Plaintiff Deborah J. Rombaut ("Plaintiff"), on behalf of herself, the State of California, as a private attorney general, and all other similarly situated employees within the State of California, complains and alleges of defendants US Concepts LLC and Does 1 to 50 (collectively, "Defendants"), and each of them, as follows:

## I. INTRODUCTION

1. This is a class action complaint brought pursuant to California Code of Civil Procedure section 382.

2. The "Class Period" as used herein, is defined as the period from February 6, 2021, and continuing into the present and ongoing. Defendants' violations of California's laws as described more fully below have been ongoing throughout the Class Period and are still ongoing.

3. Plaintiff brings this class action on behalf of herself and the following class: *All individuals who are or were employed by Defendants as non-exempt employees in California during the Class Period* (the "Class Members") and who were subject ot the same or similar illegal policies and practices as set forth herein during the Class Period. (Code Civ. Proc., § 382.)

4. Plaintiff brings this action on behalf of herself and the Class Members, as a class action, against Defendants for:

A. Failure to pay all minimum wages,

B. Failure to pay all overtime wages,

C. Failure to provide rest periods and pay missed rest period premiums,

D. Failure to provide meal periods and pay missed meal period premiums,

E. Failure to pay wages timely during employment,

F. Failure to pay all wages earned and unpaid at separation,

G. Failure to indemnify all necessary business expenditures,

H. Failure to furnish accurate itemized wage statements, and

I. Violations of California's Unfair Competition Law ("UCL") (Bus. & Prof. Code, §§ 17200–17210).

5. This action is also a representative action brought pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), codified at California Labor Code sections 2698 through 2699.6.

6. The "PAGA Period" as used herein, is defined as the period from February 6, 2024, and continuing into the present and ongoing.

7. This PAGA action is brought on behalf of Plaintiff, the State of California as private attorney general, and on behalf of the following aggrieved employees: *All individuals who are or were employed by Defendants as non-exempt employees in California during the PAGA Period* (the "Aggrieved Employees").

8. Plaintiff is informed and believes and thereon alleges that the California Industrial Welfare Commission ("IWC") Wage Orders applicable to the facts of this case are IWC Wage Orders 4-2001 and/or 12-2001 (the "Applicable Wage Orders") and possibly others that may be applicable. (Cal. Code of Regs., tit. 8, §§ 11040, 11120.) Plaintiff reserves the right to amend or modify the definition of "Applicable Wage Orders" with greater specificity or add additional IWC Wage Orders if additional applicable wage orders are discovered in litigation.

## II. JURISDICTION & VENUE

9. This action was initially filed on February 6, 2025, in the Superior Court of the State of California for the County of Los Angeles in *Rombaut v. US Concepts LLC*, case number 25STCV03387, pursuant to Article VI, section 10, of the California Constitution and Code of Civil Procedure section 410.10 because this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000.00, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

10. On March 31, 2025, Defendants sought removal of this action by filing a notice of removal to this court pursuant to the Class Action Fairness Act ("CAFA") and on grounds of federal jurisdiction.

11. This Court has personal jurisdiction over Defendants because Defendants have caused injuries in the County of Los Angeles, within the Central District of California, and the State of California through their acts, and by their violation of the California Labor Code and California state common law. Defendants transact millions of dollars of business within the State of California. Defendants own, maintain offices, transact business, have an agent or agents within the County of Los Angeles, and/or otherwise are found within the County of Los Angeles, and Defendants are within the jurisdiction of this Court for purposes of service of process.

12. Venue as to Defendants is proper in this judicial district, pursuant to section 395 of the Code of Civil Procedure. Defendants operate within California and do business within Los Angeles County, California. The unlawful acts alleged herein have a direct effect on Plaintiff and all of Defendants' employees identified above within Los Angeles County and surrounding counties within the borders of the state of California where Defendants may remotely operate.

13. Plaintiff's position is that this matter is not appropriate for removal under the Class Action Fairness Act (28 U.S.C. § 1332) as the amount in controversy for Plaintiff's and the Class Members' claims, in aggregate, is less than $5 million. Additionally, all the allegations herein occurred in the State of California. As such, even if the amount in controversy did exceed $5 million this matter would still not be appropriate for removal under the "local controversy" exception to the Class Action Fairness Act. (28 U.S.C. § 1332, subd. (d)(4)(A).)

## III. <u>THE PARTIES</u>

### A. PLAINTIFF

14. At all relevant times, Plaintiff, who is over the age of 18, was and currently is a citizen of California residing in the State of California. Defendants employed

Plaintiff as a non-exempt hourly employee in the County of Los Angeles. Plaintiff was employed by Defendant from approximately December of 2021 through approximately November 22, 2024, and performed work at events throughout Los Angeles County as a brand ambassador during the Class Period. Plaintiff has no interests that are antagonistic to the members of the putative class and will vigorously represent and protect the interests of the class.

15. Plaintiff brings this action on behalf of herself and the following class pursuant to section 382 of the Code of Civil Procedure as follows: *All individuals who are or were employed by Defendants as non-exempt employees in California during the Class Period* (the "Class Members").

16. Plaintiff also brings this action on behalf of herself and the State of California, as a private attorney general, and on behalf of the following group of aggrieved employees: *All individuals who are or were employed by Defendants as non-exempt employees in California during the PAGA Period* (the "Aggrieved Employees").

17. The Class Members and the Aggrieved Employees, at all times pertinent hereto, are or were employees of Defendants during the relevant statutory period and subject to the same or similar illegal policies and practices set forth herein.

**B. DEFENDANTS**

18. Plaintiff is informed and believes and thereon alleges that Defendants were authorized to and doing business in Los Angeles County and is and/or was the legal employer of Plaintiff, the other Aggrieved Employees, and the other Class Members during the applicable statutory periods. Plaintiff, the other Aggrieved Employees, and the other Class Members were, and are, subject to Defendants' policies and/or practices complained of herein and have been deprived of the rights guaranteed to them by: California Labor Code sections 201, 202, 203, 226, 226.3, 226.7, 510, 512, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2804, and others that may be applicable; California Business and Professions Code sections 17200 through 17210 ("UCL"); and the Applicable Wage Orders (Cal. Code of Regs., tit. 8, §§ 11040, 11120).

19. Plaintiff is informed and believes, and based thereon alleges, that during the Class Period and PAGA Period, Defendants did (and continue to do) business in the State of California, County of Los Angeles.

20. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as Does 1 to 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff, the other Aggrieved Employees, and the other Class Members to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

21. Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and/or are the employers of Plaintiff, the other Aggrieved Employees, and the other Class Members. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, representatives, and employees of each and every one of the other Defendants, and at all times herein mentioned were acting within the course and scope of said agency, representation, and employment. Defendants, and each of them, approved of, condoned, or otherwise ratified every one of the acts or omissions complained of herein.

22. Plaintiff is further informed, and believes, and thereon alleges, that at all times mentioned herein, that Defendants, and each of them, are the alter egos of one another and that there existed and now exists a unity of interest and ownership between them such that the individuality and separateness of each of them has ceased. Plaintiff is further informed, and believes, and thereon alleges, that at all times mentioned herein, that Defendants, and each of them, have been and now are mere shells and naked

frameworks that their principal uses for the conduct of that Defendant's own business, property, and affairs, for which Defendants, and each of them, have concealed and misrepresented their identities as the entities responsible for their ownership, management, and financial interests.

23. Plaintiff is further informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff is informed, and believes, and thereon alleges, that all Defendants were joint employers for all purposes of Plaintiff, the other Aggrieved Employees, and the other Class Members.

## IV. COMMON FACTS & ALLEGATIONS

24. Plaintiff and the other Class Members (collectively, the "Class Members") are, and were at all relevant times, employed by the Defendants within the State of California.

25. Likewise, Plaintiff and the other Aggrieved Employees (collectively, the "Aggrieved Employees") are, and were at all relevant times, employed by the Defendants within the State of California.

26. The Class Members and the Aggrieved Employees are, and were, at all relevant times, non-exempt employees for the purposes of minimum wages, overtime, rest breaks, meal periods, and the other claims alleged in this complaint.

27. Any differences between the Plaintiff and the similarly situated putative Class Members were and are legally insignificant as to the issues presented by this action. The same policies, procedures, employee handbooks, manuals and compensation practices were and are uniformly applied to the Plaintiff and putative Class Members, which means individual issues will not predominate and in fact, all issues are systematically linked, related and common, both in terms of fact and law for Plaintiff and the putative Class Members during the Class Period.

28. Specifically, Plaintiff was employed by Defendants within the statutory Class Period and PAGA Period, working as an hourly, non-exempt Brand Ambassador for Defendants. Plaintiff's duties included travelling to events for promotion and marketing of client products at events.

29. During the term of her employment Plaintiff would work a variety of hours depending on the scheduled event times. Events could range from 2 hours – 6 hours, with Plaintiff and Class Members sometimes being booked for multiple events in a single day. Plaintiff and Class Members would have to travel to Defendants' warehouse in Torrance, California to pick up the point-of-sale system before the event, run the scheduled event, fill out administrative event reports at the end of the event, then drop off the point-of-sale system back at the Torrance warehouse, and finally input their time worked in Defendant's payroll system Dayforce.

30. Plaintiff was unable to take her timely, compliant, uninterrupted, unpaid 30-minute meal periods for every five and ten hours of work as required by Labor Code section 226.7, 512 and Wage Order No. 4 and 12, on average 50% of shifts eligible for a meal break, nor were such Class Members and Plaintiff paid a one-hour premium pay penalty at their regular rate of pay for each missed, short, late or interrupted meal period. Plaintiff and Class Members were informed in a company-wide email to never sit and eat at events. Plaintiff also was reprimanded for receiving a meal period penalty during one of her shifts, and when Plaintiff questioned what she was supposed to do, since she had been provided no coverage to take a meal period and could not leave the event unattended, and Defendants responded that she was required to select to waive her first meal period that occurred in the fifth hour of a shift not exceeding six hours.

31. As to rest breaks Plaintiff was also reprimanded on multiple occasions for taking a 10-minute rest break. A few months after Plaintiff was hired a "secret-shopper" hired by Defendants attended one of Plaintiffs events and saw Plaintiff take a ten-minute rest break. On this break Plaintiff sat in the corner and ate a quesadilla during her break. Plaintiff was reprimanded for taking a break, sitting, and eating during an event and

Defendants informed Plaintiff that her administrative duties writing up an event report at the end of the event did not count and therefore she did not need a break. Due to this incident Plaintiff did not take rest breaks during her events as if Defendants witnessed Class Members taking breaks mid-event they were reprimanded. Plaintiff was again reprimanded in approximately September of 2024 for sitting and eating during break at an event even though she was on her rest break. On average Plaintiff did not take her rest breaks four out of five times during eligible shifts.

32. Due to Defendants policies that they could not sit during an event, Plaintiff, and upon information and belief Plaintiff alleges, Class Members were unable to sit down during their meal and rest breaks.

33. Due to Defendants failure to allow Plaintiff and other Class Members to take rest breaks, Plaintiff and the other Class members were not provided compliant, timely, and uninterrupted rest breaks after every fourth hour they worked (or major fraction thereof). Any time Plaintiff and the other Class Members did take a rest break it was at risk of being reprimanded or written up by Defendants if Defendants found out that they took a break during the scheduled event. At no time were Plaintiff and the other Class Members provided premium pay for the missed, late, or interrupted rest breaks.

34. The failure to provide meal and rest breaks is not in line with California Labor Code which mandates governing rest and meal breaks. This was also contravention and heedless of any “facially compliant” written policies that Defendants may potentially assert were in place during the Class Period and during the time period that Plaintiff was employed, which would - if any such written policies actually exist(ed), *merely give the appearance* that Defendants provided their workers labor code compliant rest and meal breaks under Labor Code § § 226.7, 512, and Wage Order No. 4 and 12.

35. Plaintiff is informed and believes and thereupon alleges that during all or a substantial portion of the Class Period that the putative Class Members were also not

provided full, timely or complete ten-minute rest breaks after working approximately four hours (or a major fraction thereof).

36. In addition, Plaintiff is informed and believes, and thereupon alleges that during all or a substantial portion of the Class Period that the putative Class Members were also not provided full, timely or complete thirty-minute rest breaks after each fifth hour of labor performed, as required by Labor Code §§ 226.7, 512, and Wage Order No 4 and 12.

37. Upon further information and belief, Plaintiff also alleges that during all or a substantial portion of the Class Period that the similarly situated Class Members were also not allowed to take meal and rest breaks, and that such breaks taken were in despite of Defendants directions to not take breaks and to waive any waivable meal periods taken during the fifth hour if shifts did not exceed 6 hours, independent of and in contravention of any "facially compliant" written rest and meal break policies that Defendants may potentially maintain were in place during the Clas Period. In other words, during the Class Period, Defendants wholly and systemically ignored and failed to apply California state laws that govern the timing and length of rest break and meal breaks for nonexempt workers.

38. Plaintiff was also directed by Defendants to not list any work that exceeded 8 hours per day, and if work did exceed 8 hours per day to shift administrative time or drive time to a different day to prevent overtime from being incurred. Upon information and belief, Plaintiff also alleges that during all or a substantial portion of the Class Period that the similarly situated Class Members were also instructed to not list overtime when submitting their timesheets. Around approximately 2023, a supervisor for Defendants informed Plaintiff and some of the Class Members in a Microsoft's Teams meeting to ensure time listed as worked during a single day did not exceed 8 hours and that any administrative or driving time that occurred that day be shifted to another day to prevent overtime. Due to this policy, Plaintiff was required to move time worked to a different

day if her shift exceeded 8 hours, preventing Plaintiff from being paid the proper overtime rate for those shifted hours.

39. Since Plaintiff and similarly situated Class Members were required to waive their meal period and not incur premium pay, upon information and belief Plaintiff alleges that this also let to work occurring off the clock during purported "meal periods" by similarly situated Class Members.

40. Due to the work not properly paid at Plaintiff's overtime rate, as well as the owed premium pay for non-compliant meal and rest breaks Plaintiff was not provided all wages that he was due. Plaintiff's itemized wage statement showing actual hours he worked, at the proper rates of pay was also not accurate.

41. Labor Code § 226(a) states in pertinent part, that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid…, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

42. Labor Code §226(e) states that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages of fifty ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4000) and is entitled to an award of costs and reasonable attorney's fees."

43. Labor Code § 226(e)(2)(C) defines "promptly and easily determine to mean "a reasonable person would be able to readily ascertain the information without reference to other documents or information."

44. As alleged, because Defendants failed to provide Plaintiff with all of her owed wages and did not provide her with an accurate wage statement setting forth the hours she worked and her legal rate of pay for those hours as required by Labor Code §226(a) it is apparent that Defendant acted willfully and knowingly in failing to pay Plaintiff her full wages due and by its failure to provide Plaintiff with an accurate wage statement. As a result of Defendant's unlawful, knowing, and intentional failure to provide her with an accurate wage statement, Plaintiff has suffered actual harm and has also lost wages that she was not paid for the time she worked for Defendants.

45. Plaintiff is informed and believes and thereupon alleges that during all or a substantial portion of the Class Period, putative members of the Class were also regularly, uniformly and systematically not provided with accurately itemized wage statements during each and every pay period that such individuals were employed, because the wage statements they were furnished failed to set forth all hours actually worked, including time worked during rest and/or meal breaks, and the corresponding correct rates of pay at the requisite agreed and respective legal rates as required by Labor Code § 226(a). In addition, premium pay wages were not reflected or itemized in the wage statements for the rest and meal break violations that occurred during each and every pay period any such individuals worked during the Class Period. Finally, overtime was not paid and was not properly reflected or itemized in the wage statements for the overtime violations that occurred during each and every pay period any such individual worked during the Class Period.

46. Because Defendants failed to set forth all the hours worked at correct hourly rates of pay for each hour worked during rest and meal breaks on the wage statements they issued, Plaintiff and the putative Class Members could not determine whether they were getting paid properly for all hours worked. Due to Defendants' failure to keep track of accurate hours worked, Plaintiff and the members of the putative Class are entitled to reasonably estimate the amount worked as admissible evidence at trial. Also, since Defendants have no reasonable basis to believe that they were in compliance with

California law, Plaintiff is informed and believes, and based thereon alleges that Defendants acted willfully and with direct knowledge that their actions were unlawful and violated California labor standards during the Class Period.

47. Plaintiff was required to use her personal cell phone and computer during every shift she worked for Defendants. Plaintiff was required to use the apps BookedOut, Neat, Dayforce, Gmail, and Microsoft Teams on her personal cell phone and personal computer to complete her job duties for Defendants. Defendants used the app BookedOut during the Class Period until approximately end of 2024, when Defendants switched to the app Neat for Class Members to mark their availability for events, get selected for events, and to upload their Event Report, including photos of the event, pictures of receipt and information about the event into the app at the end of each event worked by Plaintiff and the other similarly situated Class Members. Plaintiff was required to use her computer to enter her time into Dayforce as it was large excel spreadsheet that was not compatible with use on a cell phone to enter her billing codes and time worked that day. Plaintiff also had to use Gmail to communicate with Defendants and bar managers for the events Plaintiff would be working, and Microsoft Teams for virtual meetings.

48. Plaintiff is informed and believes and thereupon alleges that during all or a substantial portion of the Class Period, putative members of the Class were also required to use their personal cell phones and computers to download the same apps and to use each shift. Similarly situated Class Members were also required to use the Dayforce and Neat app to book events, upload the Event Report after the event, and communicate with Defendants via phone, text, email, and virtual meetings. Later on Defendants also required Plaintiff and similarly situated Class Members to upload photos of themselves to the Dayforce and Neat app at the beginning of events to confirm that they were at the event and that they looked "presentable."

49. Defendants at no point provided work cell phones or work computers for Plaintiff and the similarly situated Class Members to use. As a result of the logistical

dynamics everyone was reliant throughout the day on use of personal cellphones to conduct and facilitate daily work-related communications that necessarily occurred by and among management, supervisors, and employees. Defendants only reimbursed a negligible amount for "Tech Reimbursement" that ranged between $3.23 and $9.25 per pay period, which was insufficient reimbursement for the overwhelming and daily usage of personal cell phones and personal computers used by Plaintiff and the similarly situated Class Members. Under California law, Defendants are responsible to reimbursement him for expenses Plaintiff and the similarly situated Class Members incurred for the necessary utilization of their personal cell phone during the week he was employed under Labor Code Section 2802.

50.

51. Throughout the Class Period, Defendants were subject to Labor Code section 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

52. At all relevant times herein, Defendants were subject to Labor Code section 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

53. Thus, the Plaintiff and the putative Class Members were and are entitled to adequate reimbursement for the expenses they necessarily incurred in the discharge of work duties, during the course of their employment.

54. As stated above, Plaintiff was not paid all wages she was owed for all hours she had worked in violation of Labor Code § 203. Further, Plaintiff is informed and believes and thereupon alleges that during all or a substantial portion of the Class Period that each member of the Class who was terminated or separated from their employment

with Defendants were similarly not timely paid all wages due upon such separation or discharge as required by Labor Code §203. Since Defendants had no reasonable basis to believe that they were in compliance with California law, Plaintiff is informed and believes and based thereon alleges that Defendants acted willfully and with direct knowledge that their actions were unlawful and violated California Labor Code standard.

55. Labor Code section 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" for up to thirty days. (Lab. Code § 203; *Mamika v. Barca* (1998) 68 Cal.App.4th 487, 492.) As a result of Defendants' failure to pay Plaintiff and the putative Class Members for all the wages they were owed as described above, at the time of their termination or separation from Defendants' employment, Defendants have violated and continue to violate Labor Code section 203.

56. Due to Defendants' faulty pay policies, those Class Members whose employment with Defendants concluded during the Class Period, Defendants failed to pay such formerly employed Class Members whose sums were certain at the time of termination, within at least seventy-two hours of their resignation and have also failed to pay those sums that were due for thirty days thereafter.

57. Labor Code section 1197 requires employees to be paid at least the minimum wage fixed by the IWC, and any payment of less than the minimum wage is unlawful. Similarly, Labor Code section 1194 entitles "any employee receiving less than the legal minimum wage . . . to recover in a civil action the unpaid balance of the full amount of this minimum wage." Likewise, Applicable Wage Order No. 4-2001 and 12-2001 also obligates employers to pay each employee minimum wages for all hours worked. (Cal. Code of Regs., tit. 8, § 11090.) Labor Code section 1198 makes unlawful the employment of an employee under conditions that the IWC Wage Orders prohibit.

58. Labor Code Section 1197's minimum wage standards apply to each hour that Plaintiff worked, as well as to each of the Putative Class Members during each and every pay period they were employed by Defendants during the Class Period.

59. Upon information and belief and thereupon Plaintiff alleges that Defendants failed to compensate the time that Plaintiff and the Putative Class Members worked while subject to the control of Defendants while performing, either on or off-the-clock job duties.

60. Defendants' failure to pay at least minimum hourly wages for any time worked by Plaintiff and the Putative Class Members during breaks – whether on or off the clock as alleged herein was unlawful, even if averaging any such employee's total pay over all hours worked during a pay period (whether paid or not), results in an average hourly wage above minimum wage. (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.)

61. Here, Defendants failed to fully conform their pay practices to the requirements of California's labor laws during the relevant statutory periods. The Class Members were not compensated at least minimum wages for all hours worked including, while they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and the Applicable Wage Order.

62. As set forth above, Defendants failed to fully compensate the Class Members for all minimum wages, especially for the off-the-clock work that occurred routinely due to work performed by Plaintiff and other Class Members during and through meal breaks. Accordingly, the Class Members are entitled to recover liquidated damages for violations of Labor Code section 1197.1

63. Based on these same factual allegations, the Class Members are likewise entitled to penalties under Labor Code sections 1199.

64. Defendants' company-wide policies and practices violate California law as pled herein. Plaintiff seeks declaratory relief, compensation of wages owed, including premium pay wages for meal and rest break violations, liquidated and other damages and penalties as permitted by California law, interest and reasonable attorneys' fees and costs.

65. By failing to lawfully pay the Plaintiff and other Class Members all the wages they are owed, Defendants have engaged in unfair, fraudulent, and deceptive business practices within the meaning of the Business & Professions Code §§ 17200, *et seq*.

**A. MINIMUM WAGE VIOLATIONS**

66. Labor Code section 1197 requires employees to be paid at least the minimum wage fixed by the IWC, and any payment of less than the minimum wage is unlawful. Similarly, Labor Code section 1194 entitles "any employee receiving less than the legal minimum wage . . . to recover in a civil action the unpaid balance of the full amount of this minimum wage." Likewise, the Applicable Wage Orders also obligate employers to pay each employee minimum wages for all hours worked. (Cal. Code of Regs., tit. 8, §§ 11040, 11120.) Labor Code section 1198 makes unlawful the employment of an employee under conditions that the IWC Wage Orders prohibit.

67. These minimum wage standards apply to each hour that employees work. Therefore, an employer's failure to pay for any particular time worked by an employee is unlawful, even if averaging an employee's total pay over all hours worked, paid or not, results in an average hourly wage above minimum wage. (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.)

68. Here, Defendants failed to fully conform their pay practices to the requirements of the law during the relevant statutory periods. The Class Members and the Aggrieved Employees were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and the Applicable Wage Orders. Among other violations, the Class Members and the Aggrieved Employees were subject to the control of Defendants while off-the-clock and did not receive minimum wage for each hour worked.

69. Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employer who has failed to pay its employees the legal minimum wage

is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

70. When employees, such as the Class Members, are not paid for all hours worked under Labor Code section 1194, they are entitled to recover minimum wages for the time which they received no compensation. (See *Sillah v. Command International Security Services* (N.D. Cal. 2015) 154 F.Supp.3d 891 [employees suing for failure to pay overtime could recover liquidated damages under Labor Code section 1194.2 if they also showed they were paid less than minimum wage].)

71. Labor Code section 1197.1 authorizes employees who are paid less than the minimum wage fixed by an applicable state or local law, or by an order of the IWC, a civil penalty, among other damages, as follows:

> (1) "For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid."
>
> (2) "For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed." (Lab. Code, § 1197.1, subd. (a).)

72. As set forth above, Defendants failed to fully compensate the Class Members and the Aggrieved Employees for all minimum wages. Accordingly, the Class Members are entitled to recover liquidated damages for violations of Labor Code section 1197.1.

73. Based upon these same factual allegations, the Class Members are likewise entitled to penalties under Labor Code sections 1199.

**B. OVERTIME VIOLATIONS**

74. Labor Code section 510 requires employers to compensate employees who work more than eight hours in one workday, forty hours in a workweek, and for the first

eight hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. (Lab. Code, § 510, subd. (a).) Further, Labor Code section 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve hours in a day or more than eight hours on the seventh consecutive day of work. (Lab. Code, § 510, subd. (a).) These rules are also reflected in the Applicable Wage Orders.

75. In accordance with Labor Code section 1194 and the Applicable Wage Orders, the Class Members and the Aggrieved Employees could not then agree and cannot now agree to work for a lesser wage than the amount provided by Labor Code sections 510 or the Applicable Wage Orders.

76. Here, Defendants violated their duty to accurately and completely compensate the Class Members and the Aggrieved Employees for all overtime worked. The Class Members and the Aggrieved Employees periodically worked hours that entitled them to overtime compensation under the law but were not fully compensated for those hours.

77. Defendants also had a policy and practice of denying the Class Members and the Aggrieved Employees meal breaks, but nevertheless deducting meal break time from the Class Members' and the Aggrieved Employees' pay. As a result, the Class Members' and the Aggrieved Employees' on-the-clock hours were unlawfully reduced below what was actually worked and, by extension, overtime hours were also reduced below what was actually worked. The Class Members and the Aggrieved Employees were thus periodically shorted the full amount of overtime pay lawfully owed.

78. These actions were and are in clear violation of California's overtime laws as set forth in Labor Code sections 510, 1194, 1199, and the Applicable Wage Orders. (Cal. Code of Regs., tit. 8, §§ 11040, 11120.) As a result of Defendants' faulty policies and practices, the Class Members and the Aggrieved Employees were not compensated for all hours worked or paid accurate overtime compensation.

**C. REST BREAK VIOLATIONS**

79. Pursuant to Labor Code section 226.7 and the Applicable Wage Orders, Defendants were and are required to provide the Class Members and the Aggrieved Employees with compensated, duty-free rest periods of not less than ten minutes for every major fraction of four hours worked. Under the Applicable Wage Orders, an employer must authorize and permit all employees to take ten minute duty free rest periods for every major fraction of four hours worked. (Cal. Code of Regs., tit. 8, §§ 11040, 11120.)

80. Likewise, Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission . . . ." (Lab. Code, § 226.7, subd. (b).) Labor Code section 226.7 also provides that employers must pay their employees one additional hour of pay at the employee's regular rate for each workday that a "meal or rest or recovery period is not provided." (Lab. Code, § 226.7, subd. (c).) The "regular rate" for these purposes must factor in all nondiscretionary payments for work performed by the employee, including non-discretionary bonuses, commissions, and other forms of wage payments exceeding the employees' base hourly rate. (*Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, 878.) Thus, the Wage Orders set when and for how long the rest period must take place and the Labor Code establishes that violations of the IWC Wage Orders are unlawful and sets forth the premium pay employer must pay their employees when employers fail to provide rest periods.

81. The California Supreme Court has held that, during required rest periods, "employers must relieve their employees of all duties and relinquish any control over how employees spend their break time." (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 260.) Relinquishing control over employees during rest periods requires that employees be "free to leave the employer's premises" and be "permitted to attend

to personal business." (*Id.* at p. 275.) The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> "An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—it has violated the wage order and is liable." (*Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1033.)

82. Here, Defendants periodically did not permit the Class Members and the Aggrieved Employees to take compliant duty-free rest breaks, free from Defendants' control as required by Labor Code section 226.7, the Applicable Wage Orders, and applicable precedent. (See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."].) At all relevant times, the Class Members and the Aggrieved Employees were periodically not provided with legally-compliant and timely rest periods of at least ten minutes for each four hour work period, or major fraction thereof due to Defendants' unlawful rest period policies/practices. The Class Members and the Aggrieved Employees were often expected and required to continue working through rest periods to meet the expectations Defendants and finish the workday. In some cases when the Class Members and the Aggrieved Employees worked more than ten hours in a shift, Defendants failed to authorize and/or permit a third mandated rest period. As a result, the Class Members and the Aggrieved Employees were periodically unable to take compliant rest periods.

83. In such cases where Defendants did not offer the Class Members and the Aggrieved Employees the opportunity to receive a compliant off-duty rest period, "the court may not conclude employees voluntarily chose to skip those breaks." (*Alberts v. Aurora Behavioral Health Care* (2015) 241 Cal.App.4th 388, 410 (2015) ["If an

employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."]; *Brinker Rest. Corp. v. Superior Court*, *supra*, 53 Cal.4th at p. 1033 ["No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it."].)

84. In addition to failing to authorize and permit compliant rest periods, the Class Members and the Aggrieved Employees were not compensated with one hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period in accordance with Labor Code section 226.7, subdivision (c). Thus, Defendants have violated Labor Code section 226.7 and the Applicable Wage Orders.

85. Based on the foregoing, Plaintiff seeks to recover, on behalf of herself and other non-exempt employees, rest period premiums and penalties.

**D. MEAL BREAK VIOLATIONS**

86. Labor Code section 512 and the Applicable Wage Orders require employers to provide employees with a thirty-minute uninterrupted and duty-free meal period within the first five hours of work. (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ."]; Cal. Code of Regs., tit. 8, §§ 11040, 11120 ["No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . ."].) Additionally, an employee who works more than ten hours per day is entitled to receive a second thirty-minute uninterrupted and duty-free meal period. (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."].)

87. "An on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to

an on-duty paid meal break." (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal.App.5th 926, 932.) The written agreement must include a provision allowing the employee to revoke it at any time. (*Ibid.*) Generally, the California Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE") and courts have "found that the nature of the work exception applies: (1) where the work has some particular external force that requires the employee to be on duty at all times, and (2) where the employee is the sole employee of a particular employer." (*Id.* at p. 945, internal quotation marks omitted; *Abdullah v. U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958–959.) "[I]t is the employer's obligation to determine whether the nature of the work prevents an employee from being relieved before requiring an employee to take an on-duty meal period." (*Lubin v. The Wackenhut Corp.*, *supra*, 5 Cal.App.5th at p. 946.)

88. Here, the Class Members and the Aggrieved Employees were never asked to sign any enforceable document agreeing to an on-duty meal period. Moreover, nothing in the nature of their work involved the kind of "external force" that might justify on-duty meal breaks. (*Lubin v. The Wackenhut Corp.*, *supra*, 5 Cal.App.5th at p. 945.) Nevertheless, Defendants periodically did not provide compliant off-duty meal periods within the first five hours of work for the Class Members and the Aggrieved Employees.

89. As with rest breaks, meal breaks must be duty-free. (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1035 ["The IWC's wage orders have long made a meal period's duty-free nature its defining characteristic."].) Relinquishing control over employees during meal periods requires that employees be "free to leave the employer's premises" and be "permitted to attend to personal business." (*Augustus v. ABM Security Services, Inc.*, *supra*, 2 Cal.5th at p. 275.) Under Labor Code section 512, if an employer maintains a uniform policy that does not authorize and permit the amount of meal time called for under the law (as specified in the Labor Code and/or applicable IWC Wage Order), "it has violated the wage order and is liable." (*Brinker Restaurant Corp. v. Superior Court*, *supra*, 53 Cal.4th at p. 1033.)

90. During the applicable statutory periods here, the Class Members and the Aggrieved Employees were periodically denied legally-compliant and timely off-duty meal periods of at least thirty minutes due to Defendants' unlawful meal period policy and practices. As a result of Defendants' uniform meal period policies and practices, the Class Members and the Aggrieved Employees were often not permitted to take compliant first meal periods before the end of the fifth hour of work. The Class Members and the Aggrieved Employees were also periodically not permitted to take second meal periods for shifts in excess of ten hours. Defendants thus violated Labor Code section 512 and the Applicable Wage Orders by failing to advise, authorize, or permit the Class Members and the Aggrieved Employees to receive thirty-minute, off-duty meal periods within the first five hours of their shifts.

91. Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission." (Lab. Code, § 226.7, subd. (b).) Labor Code section 226.7, subdivision (c), and the Applicable Wage Orders further obligate employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. (Lab. Code, § 226.7, subd. (c); Cal. Code of Regs., tit. 8, §§ 11040, 11120 ["If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."].) The "regular rate" for these purposes must factor in all nondiscretionary payments for work performed by the employee, including non-discretionary bonuses, commissions, and other forms of wage payments exceeding the employees' base hourly rate. (*Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, 878.)

92. Accordingly, for each day that the Class Members and the Aggrieved Employees did not receive compliant meal periods, they were and are entitled to receive

meal period premiums pursuant to Labor Code section 226.7 and the Applicable Wage Orders. Defendants, however, failed to pay the Class Members and the Aggrieved Employees applicable meal period premiums for many workdays that the employees did not receive a compliant meal period. Thus, Defendants have violated Labor Code section 226.7 and the Applicable Wage Orders.

93. Based on the foregoing, Plaintiff seeks to recover, on behalf of herself and other non-exempt employees, meal period premiums and penalties.

**E. UNTIMELY WAGES AT SEPARATION**

94. Labor Code section 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" for up to thirty days. (Lab. Code § 203; *Mamika v. Barca* (1998) 68 Cal.App.4th 487, 492.) As a result of Defendants' failure to pay the Class Members and the Aggrieved Employees for the wages described above, along with rest and meal break premiums, Defendants violated and continue to violate Labor Code section 203.

95. Due to Defendants' faulty pay policies, those Class Members and Aggrieved Employees whose employment with Defendants concluded were not compensated for each and every hour worked at the appropriate rate. Defendants have failed to pay formerly-employed Class Members and Aggrieved Employees whose sums were certain at the time of termination within at least seventy-two hours of their resignation and have failed to pay those sums for thirty days thereafter.

**F. FAILURE TO REIMBURSE BUSINESS EXPENSES**

96. At all relevant times herein, Defendants were subject to Labor Code section 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." The purpose of this section is to "prevent employers from passing along their

operating expenses onto their employees." (*Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 562.)

97. At all relevant times herein, Defendants were subject to Labor Code section 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

98. Thus, the Class Members and the Aggrieved Employees were and are entitled to reimbursement for the expenses they incurred during the course of their duties. The duty to reimburse even extends to the use of equipment the employee may already own and would be required to pay for anyway. (*Cochran v. Schwan's Home Serv., Inc.* (2014) 228 Cal.App.4th 1137, 1144 ["The threshold question in this case is this: Does an employer always have to reimburse an employee for the reasonable expense of the mandatory use of a personal cell phone, or is the reimbursement obligation limited to the situation in which the employee incurred an extra expense that he or she would not have otherwise incurred absent the job? The answer is that reimbursement is always required. Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee."].)

99. Here, Defendants failed to fully reimburse the Class Members and the Aggrieved Employees for necessary expenditures incurred as a direct consequence and requirement of performing their job duties, including the costs associated with their personal cell phone and personal computer they required to perform their work. Consequently, Defendants failed to comply with Labor Code section 2802.

**G. WAGE STATEMENT VIOLATIONS**

100. Defendants also failed to provide accurate itemized wage statements in accordance with Labor Code sections 226, subdivisions (a)(1), (2), (5), and (9). Labor Code section 226, subdivision (a), obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

(1) The gross wages earned;

(2) The total hours worked by the employee;

(3) The number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis;

(4) All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

(5) The net wages earned;

(6) The inclusive dates of the period for which the employee is paid;

(7) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

(8) The name and address of the legal entity that is the employer; and

(9) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

101. Due to Defendants' failure to pay the Class Members and the Aggrieved Employees properly as described above, the wage statements issued do not indicate the correct amount of gross wages earned, total hours worked, or the net wages earned, or the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. Thus, Defendants have violated Labor Code section 226, subdivisions (a)(1), (2), (5), and (9).

102. In addition to Labor Code section 226, subdivision (a), Defendants also knowingly and intentionally failed to provide the Class Members and the Aggrieved Employees with accurate itemized wage statements in violation of Labor Code section 226, subdivision (e). Defendants knew that they were not providing the Class Members

and the Aggrieved Employees with wage statements required by California law but nevertheless failed to correct their unlawful practices and policies. (See *Garnett v. ADT LLC* (E.D. Cal. 2015) 139 F.Supp.3d 1121, 1134 [finding the defendant knowingly and intentionally violated Labor Code section 226 because the "[d]efendant knew that it was not providing total hours worked to plaintiff or other employees paid on commission" even though it believed that employees paid solely on commission or commission and salary "are exempt and therefore we do not record hours on a wage statement."].)

**H. RECORDKEEPING VIOLATIONS**

103. Labor Code section 226, subdivision (a), requires employers to keep an accurate record of, among other things, all hours worked by employees. Labor Code section 226.3 provides, in pertinent part, as follows:

> "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law." (Lab. Code, § 226.3, emphasis added.)

104. As explained in detail above, Defendants failed to provide the Class Members and the Aggrieved Employees with accurate itemized wage statements. Defendants did so, in part, because they failed to accurately track hours worked by the Class Members and the Aggrieved Employees. Defendants have thus failed to keep accurate records of the "total hours worked by the employee[s]" in violation of Labor Code section 226, subdivision (a), and are therefore subject to the penalties provided by Labor Code section 226.3. These penalties are "in addition to any other penalty provided by law." (Lab. Code, § 226.3.)

## I. SEATING VIOLATIONS

105. The Applicable Wage Orders require all working employees to be provided with suitable seats when the nature of the work reasonably permits the use of seats. (Cal. Code of Regs., tit. 8, §§ 11040, 11120.) They further require that, even when the nature of the work requires standing, if employees are not engaged in the active duties of their employment an adequate number of suitable seats shall be placed in a reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties. (Cal. Code of Regs., tit. 8, §§ 11040, 11120.)

106. Labor Code section 1198 provides that "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

107. Here, the Class Members' and the Aggrieved Employees' work reasonably permitted (and continues to permit) the use of seats, and sitting would not interfere with performance of any other tasks that may require standing. Therefore, "a seat is called for." (*Kilby v. CVS Pharmacy, Inc.* (2016) 63 Cal.4th 1, 8.) The Class Members and the Aggrieved Employees were required to work without suitable seating even though the provision of such seats would not interfere with the performance of other tasks requiring standing.

108. As the California Supreme Court explained in *Kilby v. CVS Pharmacy, Inc.*, *supra*, 63 Cal.4th 1: "There is no principled reason for denying an employee a seat when he spends a substantial part of his workday at a single location performing tasks that could reasonably be done while seated, merely because his job duties include other tasks that must be done standing." (*Id.* at p. 17.) Further, "[a]n employer seeking to be excused from the requirement bears the burden of showing compliance is infeasible because no

suitable seating exists." (*Id.* at p. 24.) Here, Defendants have failed to meet that burden and have thus violated the Applicable Wage Orders, and by extension the Labor Code.

## V. CLASS ACTION ALLEGATIONS

109. As mentioned above, Plaintiff brings this action on behalf of herself and the Class Members pursuant to section 382 of the Code of Civil Procedure.

110. **Numerosity/Ascertainability**: The Class Members are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the class is unknown to Plaintiff at this time; however, it is estimated that the number of Class Members is greater than 100 individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

111. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated non-exempt employees, which predominate over questions affecting only individual members including, without limitation to:

A. Whether Defendants' pay policies/practices resulted in a failure to pay the Class Members for all hours worked, including all minimum wages;

B. Whether Defendants' pay policies/practices resulted in a failure to pay the Class Members for all required overtime wages at the Class Members' regular rate of pay;

C. Whether Defendants' rest period policies and practices afforded legally compliant rest periods or compensation in lieu thereof;

D. Whether Defendants' meal period policies and practices afforded legally compliant meal periods or compensation in lieu thereof;

E. Whether Defendants maintained accurate employment records;

F. Whether Defendants timely paid all wages during employment;

G. Whether Defendants timely paid all wages earned and unpaid at separation;

H. Whether Defendants indemnified their employees for all necessary business expenditures;

I. Whether Defendants furnished legally-compliant wage statements to the Class Members pursuant to Labor Code section 226; and

J. Whether Defendants' violations of the Labor Code and the Applicable Wage Orders amounted to a violation of California's UCL.

112. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual Class Members. The common questions of law set forth above are numerous and substantial and stem from Defendants' uniform policies and practices applicable to each individual class member, such as Defendants' uniform policy and practice of failing to pay for all hours worked, Defendants' uniform policies and practices which failed to provide compliant rest periods, Defendants' uniform policies and practices which failed to provide compliant meal periods, Defendants' failure to provide accurate itemized wage statements, and others. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

113. **Typicality**: The claims of Plaintiff are typical of the claims of the Class Members because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pleaded in this complaint. As alleged herein, Plaintiff, like the other Class Members, was deprived of minimum, regular, and overtime wages because of Defendants' unlawful timekeeping policies and practices, was deprived of rest periods and premium wages in lieu thereof, was deprived of meal periods and premium wages in lieu thereof, was subject to Defendants' uniform rest period policies and practices, was subject to Defendants' uniform meal period policies and practices, was not provided accurate itemized wage statements, was not paid all wages in full and on time, , and was subject to other similar policies and practices to which the Class Members were subject.

114. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class Members. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class Members and Plaintiff. Plaintiff's attorneys have prosecuted numerous wage-and-hour class actions in state and federal court in the past and are committed to vigorously prosecuting this action on behalf of the Class Members.

115. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and the Class Members make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

116. Moreover, requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class Members against Defendants herein, and which would establish potentially incompatible standards of conduct for Defendants or legal determinations with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other

Class Members not parties to adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests.

117. Further, the claims of the individual Class Members are not sufficiently large to warrant vigorous individual prosecution considering the concomitant costs and expenses attending thereto. As such, the Class Members identified above are maintainable as a class under section 382 of the Code of Civil Procedure.

## VI. EXHAUSTION OF REMEDIES

118. Plaintiff has fully and completely exhausted administrative remedies under PAGA prior to proceeding with the PAGA claims stated in this complaint. Plaintiff filed a PAGA notice online with the Labor Workforce Development Agency ("LWDA") and sent a letter by certified mail to Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by PAGA. (Lab. Code, §§ 2698–2699.6.)

119. As required by PAGA, Plaintiff submitted the $75.00 filing fee with the LWDA by regular mail. Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A), no notice was received by Plaintiff from the LWDA evidencing its intention to investigate within sixty-five calendar days of the postmark date of the PAGA notice. Plaintiff is therefore entitled to commence and proceed with a civil action pursuant to Labor Code section 2699.

## VII. CAUSES OF ACTION

### First Cause of Action

*Failure to Pay All Minimum Wages*

*(Against All Defendants)*

120. Plaintiff realleges and incorporates by reference all previous paragraphs.

121. Section 4 of the Applicable Wage Orders and Labor Code section 1197 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. (Lab. Code, § 1197; Cal. Code of Regs., tit. 8, §§ 11040, 11120.) Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide

that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance, together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

122. Here, Defendants failed to fully conform their pay practices to the requirements of the law during the relevant statutory periods. Plaintiff and the other Class Members were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the Labor Code and the Applicable Wage Orders. By uniformly discouraging, impeding and failing to provide breaks and failing to record and compensate Plaintiff and the putative Class and/or Subclass Members Defendants were able to skim lawfully due wages from its employees by not paying them a separate hourly wage for each and every hour worked as required by California law.

123. As alleged Plaintiff and the putative Class and/or Subclass Members were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the Labor Code and the Applicable Wage Order. Plaintiff and Class Members routinely were not allowed to bill enough time to trigger meal periods, and were forced to work off-the-clock while being forced to waive their meal period. On the rare instances meal breaks were provided they were routinely interrupted or cut short. Off-the-clock work that was performed was not compensated by Defendants at all, and which, if calculated would also reduce the rates of pay paid to Plaintiff and other Class Members to below minimum wage standards under California law on occasion

124. Labor Code section 1198 makes unlawful the employment of an employee under conditions that the IWC Wage Orders prohibit. Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid

balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

125. As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the other Class Members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief because of Defendants' violations of the Labor Code and Applicable Wage Orders.

126. Defendants' practices and policies regarding illegal employee compensation are unlawful and create an entitlement to recovery by Plaintiff and the other Class Members in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to Labor Code sections 218.5, 1194, 1194.2, 1197, and 1198, and Code of Civil Procedure section 1021.5.

**<u>Second Cause of Action</u>**

*Failure to Pay All Overtime Wages*

*(Against All Defendants)*

127. Plaintiff realleges and incorporates by reference all previous paragraphs.

128. This cause of action is brought pursuant to Labor Code sections 510, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed. At all times relevant herein, Defendants were required to properly pay Plaintiff and the other Class Members for all overtime wages earned pursuant to Labor Code section 1194 and the Applicable Wage Orders. Defendants caused Plaintiff and the other Class Members to work overtime hours but did not compensate them at one and one-half times their regular rate of pay for such hours in accordance with California law. Likewise, Defendants caused Plaintiff

and the other Class Members to work double-time hours but did not compensate them at twice their regular rate of pay for such hours in accordance with California law.

129. Here, Defendants instructed Plaintiff and the Class Members to incorrectly record time worked in excess of 8 hours per day on different days to avoid paying their overtime rate. Plaintiff and Class Members also incurred overtime due to time worked off-the-clock on shifts that already had eight hours or more of work.

130. Defendants failed to fully conform their pay practices to the requirements of California law. This unlawful conduct includes but is not limited to Defendants' uniform and unlawful pay policies and practices of failing to accurately record all the time that non-exempt employees were under the supervision and control of Defendants. The foregoing policies and practices are unlawful and allow Plaintiff and the other Class Members to recover in a civil action the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to Labor Code sections 510, 1194, and 1198, the Applicable Wage Orders, and Code of Civil Procedure section 1021.5.

## Third Cause of Action

*Failure to Provide Rest Periods and Pay Missed Rest Period Premiums*

*(Against All Defendants)*

131. Plaintiff realleges and incorporates by reference all previous paragraphs.

132. Section 4 and 12 of the Applicable Wage Orders, and Labor Code section 226.7 establish the right of employees to be provided with a rest period of at least ten minutes for each four hour period worked, or major fraction thereof. (See Cal. Code of Regs., tit. 8, §§ 11040, 11120.)

133. Labor Code §226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest break period mandated pursuant to an applicable statute, regulation, standard or order of the IWC…"

134. Plaintiff and the putative Class Members were authorized and permitted paid, duty-free, uninterrupted 10-minute rest periods for every four hours worked (or

every major fraction thereof) or be paid for one hour of premium pay" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise complaint with California law.

135. As set forth above, Defendants failed to comply with the required rest period laws set forth in Labor Code 226.7 and Section 12 of Wage Order No. 4 and 12.

136. Defendants discouraged, impeded and effectively prevented and dissuaded Plaintiff and Class Members from taking compliant rest periods in accordance with state law. As alleged, Plaintiff was almost never provided rest periods. Other Class Members also were routinely not provided lawful rest break periods due to Defendants' unreasonable demands, prohibitive policies, and unlwful policies which perpetuated by practice an environment where there was no opportunity or provision of rest breaks during the Class Period.

137. Due to Defendants' unlawful rest period policies and practices described in detail above, Defendants did not authorize and permit Plaintiff and the other Class Members to take all rest periods to which they were legally entitled. Despite Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiff and the other Class Members at their respective regular rates of pay for each violation, in accordance with California Labor Code section 226.7.

138. Plaintiff and other Class members did not voluntarily or willfully waive their rest periods. Plaintiff and other Class Members were routinely not provided rest periods by supervisors on almost every shift.

139. The foregoing violations create an entitlement to recovery by Plaintiff and the other Class Members in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to the Applicable Wage Orders, and California Labor Code section 226.7.

**Fourth Cause of Action**

*Failure to Provide Meal Periods and Pay Missed Meal Period Premiums*

*(Against All Defendants)*

140. Plaintiff realleges and incorporates by reference all previous paragraphs.

141. Plaintiff is informed and believes and thereon alleges, that Defendants failed in their affirmative obligation to provide their hourly non-exempt employees, including Plaintiff and the other Class Members, with all required meal periods in accordance with the mandates of the Labor Code and the Applicable Wage Orders, for the reasons set forth herein above. Despite Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiff and the other Class Members at their respective regular rates of pay for each violation, in accordance with California Labor Code section 226.7.

142. Labor Code § 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

143. Labor Code §512(a) further provides that "an employer may not employee an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived." Section 11(A) of Wage Order No. 4 provides that "[u]nless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on-duty' meal period and counted as time worked." "An 'on-duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal

period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

144. Section 11(B) of Wage Order No. 4 provides that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

145. Plaintiff did not ever validly **and voluntarily** waive her meal break by mutual consent with Defendants.

146. Plaintiff is informed and believe and thereon alleges that the putative Class and/or Subclass Members did not ever validly waive their first or second meal break periods by mutual consent with Defendants or otherwise.

147. Plaintiff is informed and believes and thereon alleges, that Defendants failed in their affirmative obligation to provide their non-exempt employees, including Plaintiff and the putative Class Members, with all required meal periods in accordance with the mandates of the Labor Code and the Applicable Wage Order No. 4 and 12, as set forth herein above. Despite Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiff and the other Class Members at their respective regular rates of pay for each violation, in accordance with California Labor Code section 226.7.

148. Plaintiff and the Class Members would sometimes work shifts in excess of six hours but were not provided with a compliant half-hour uninterrupted meal break after the completion of the fifth hour of labor performed. Instead as a matter of Defendants' systemic policy and practices, nonexempt workers were required to work through their meal breaks, often while being forced to waive their meal break or risk being written up, without ever receiving premium pay of one hour of additional pay at their regular rate during the Class Period. Even on the rare occasion that Plaintiff and putative Class Members were provided a meal period they were almost always non-Labor Code and Wage Order compliant, as they were routinely interrupted or cut short.

149. As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the Applicable Wage Orders and Labor Code sections 226.7 and 512, and Civil Code sections 3287, subdivision (b), and 3289. (See Cal. Code of Regs., tit. 8, §§ 11040, 11120.)

## **Fifth Cause of Action**

*Failure to Pay All Wages Earned and Unpaid at Separation*

*(Against All Defendants)*

150. Plaintiff realleges and incorporates by reference all previous paragraphs.

151. The actionable period for this cause of action is three years prior to the filing of this complaint through the present, and ongoing until the violations are corrected or the class is certified. (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1395; *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1109; Code Civ. Proc., § 338, subd. (a).) Labor Code sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to its former employees (including the formerly-employed Class Members) during the actionable period for this cause of action at or around the time that their employment is or was terminated, or ended.

152. Section 203 of the Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty workdays.

153. Due to Defendants' faulty pay policies, those Class Members whose employment with Defendants has concluded were not compensated for each and every hour worked at the appropriate rate. Defendants have willfully failed to pay those formerly-employed Class Members whose sums were certain at the time of termination within seventy-two hours of their resignation and have failed to pay those sums for thirty days thereafter as required by Labor Code sections 201 through 203.

154. More than thirty (30) days have passed since Plaintiff and certain member of the Class left Defendants' employment.

155. As a result, Defendants are liable to the formerly-employed Class Members for waiting time penalties amounting to thirty days wages for the formerly-employed Class Members pursuant to Labor Code section 203. (See, e.g., DLSE Manual, § 4.3.4 [failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties].)

**Sixth Cause of Action**

*Failure to Indemnify All Necessary Business Expenditures*

*(Against All Defendants)*

156. Plaintiff realleges and incorporates by reference all previous paragraphs.

157. California Labor Code Section 2802 states that employers must "indemnify" an employee for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Likewise, Labor Code section 2804 states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

158. Here, Plaintiff and the other Class Members paid out of pocket for necessary business expenditures incurred as a direct consequence and requirement of performing their job duties, including the costs associated with their personal cell phone and personal computer they required to perform their work. Despite knowing that Plaintiff and the other Class Members incurred these necessary business expenses through daily and extensive use of their personal cell phone and personal computer, and requiring Plaintiff and the other Class Members to use such items, Defendants did not reimburse them adequately.

159. Plaintiff is informed and believes and thereupon alleges that a substantial number of other putative Class Members were also required to routinely use their personal cell phones for text messaging and telephonic communications with Defendants, managers, supervisors and colleagues, and the use of numerous apps which also required their personal computer use for entering payroll and jointing teams meetings or answering emails, which cannot be done on a personal cell phone.

160. During the Class Period cell phones were the only form of communication with Defendnats when Plaintiff and the Class Members are/were employed and the only way to be assigned jobs and communicate with that job contact. Despite Defendants' knowledge that its workers, including Plaintiff and the putative Class Members incurred and continue to incur substantial expenses for the use of their personal cell phones, Defendants have not adequately reimbursed them for their expenses.

161. Thus, Plaintiff and the other Class Members are entitled to recover the cost of such necessary business expenses, plus interest from the date each incurred such business expenses, plus fees and costs. (Lab. Code, § 2802, subds. (b), (c).)

## <u>**Seventh Cause of Action**</u>

*Failure to Furnish Accurate Itemized Wage Statements*

*(Against All Defendants)*

162. Plaintiff realleges and incorporates by reference all previous paragraphs.

163. Labor Code section 226, subdivision (a), obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

(1) The gross wages earned;

(2) The total hours worked by the employee;

(3) The number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis;

(4) All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

(5) The net wages earned;

(6) The inclusive dates of the period for which the employee is paid;

(7) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

(8) The name and address of the legal entity that is the employer; and

(9) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

164. As set forth above, Defendants issued and continues to issue wage statements to its non-exempt employees including Plaintiff and the other Class Members that are inadequate under Labor Code section 226, subdivision (a). By failing to pay Plaintiff and the other Class Members properly as described above, Defendants failed to include required information on their wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226, subdivision (a).

165. Defendants' failure to comply with Labor Code section 226, subdivision (a), of the Labor Code was knowing and intentional. (Lab. Code, § 226, subd. (e)).

166. As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and the other Class Members in violation of Labor Code section 226, subdivision (a), Plaintiff and the other Class Members are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per each Class Member from Defendants

pursuant to Labor Code section 226, subdivision (e), along with costs and reasonable attorneys' fees.

**Eighth Cause of Action**

*Violations of California's Unfair Competition Law*

*(Against All Defendants)*

167. Plaintiff realleges and incorporates by reference all previous paragraphs.

168. Defendants' failure to pay all wages earned for labor performed, failure to pay premium wages for noncompliant meal and rest periods constitutes unlawful activity, acts and practices that are prohibited by the UCL. Defendants' actions describe above constitute unfair, fraudulent, and deceptive business practices, within the meaning of the UCL. Defendants have violated multiple provisions of California law and provisions of Wage Order No. 4 and 12, which has the same force and effect of a violation of law. This includes, without limitation, Labor Code §§ 201-203, 226(a), 226.7, 256, 512, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, and 2804 which serve as statutory predicates for which restitution and disgorgement are owed by Defendants.

169. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code section 17200 through 17210, by committing the unlawful acts described above. Defendants' utilization of these unfair and unlawful business practices deprived and continue to deprive Plaintiff and the other Class Members of compensation to which they are legally entitled. These practices constitute unfair and unlawful competition and provide an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

170. Because Plaintiff is a victim of Defendants' unfair and unlawful conduct alleged herein, Plaintiff for herself and on behalf of the Class Members, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies

withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code sections 17203 and 17208.

171. The acts complained of herein occurred within the four years prior to the initiation of this action and are continuing into the present and ongoing.

172. Plaintiff was compelled to retain the services of counsel to file this Court action to protect her interests and those of the Class Members, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which Plaintiff is entitled to recover under Code of Civil Procedure section 1021.5.

## Ninth Cause of Action

*Penalties Pursuant to PAGA for Violations of California Labor Code Sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2804, and Other Provisions of the Labor Code*

*(Against All Defendants)*

173. Plaintiff realleges and incorporates by reference all previous paragraphs.

174. Based on the above allegations incorporated by reference, Defendants violated Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2804, and others that may be applicable; and the Applicable Wage Orders (Cal. Code of Regs., tit. 8, §§ 11040, 11120), and others that may be applicable.

175. As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code sections 2698 through 2699.6 because of Defendants' violation of Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2804, and others that may be applicable; and the Applicable Wage Orders (Cal. Code of Regs., tit. 8, §§ 11040, 11120), and others that may be applicable.

176. Under Labor Code section 2699, subdivision (f)(2), and 2699.5, for each such violation, Plaintiff and the Aggrieved Employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

A. $100 for the initial violation per employee per pay period; and

B. $200 for each subsequent violation per employee per pay period.

177. These penalties must be allocated seventy-five percent to the Labor and Workforce Development Agency ("LWDA") and twenty-five percent to the affected employees. These penalties may be stacked separately for each of Defendants violations of the California Labor Code. (*Lopez v. Friant & Associates, LLC* (2017) 15 Cal.App.5th 773, 780–781 [citing with approval *Stoddart v. Express Services, Inc.* (E.D. Cal., Sept. 16, 2015, No. 2:12-CV-01054-KJM) 2015 WL 5522142, at *9, for the proposition that plaintiff could pursue separate claims for penalties under Labor Code section 226, subdivision (e), and penalties for Labor Code section 226, subdivision (a), violations]; see also *Hernandez v. Towne Park, Ltd.* (C.D. Cal., June 22, 2012, No. CV 12-02972 MMM JCGX) 2012 WL 2373372, at *17 fn. 70 [noting that federal courts applying California law have found that "PAGA penalties can be stacked, i.e., multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations."], internal quotation marks omitted).

178. In addition, to the extent permitted by law, Defendants failed to provide Plaintiff and all Aggrieved Employees with accurate itemized wage statements in compliance with Labor Code section 226, subdivision (a). Plaintiff seeks separate PAGA penalties for Defendants' violations of Labor Code section 226, subdivisions (a) and (e). (*Lopez v. Friant & Associates, LLC*, *supra*, 15 Cal.App.5th at pp. 780, 788.)

179. For violations of Labor Code section 226, subdivision (a), Plaintiff seeks the default penalty provided by Labor Code section 226.3. Labor Code section 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for

each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." Accordingly, through PAGA and to the extent permitted by law Plaintiff and the Aggrieved Employees are entitled to recover penalties for violations of Labor Code section 226.3 and seeks default PAGA penalties for each of Defendants' numerous violations of Labor Code section 226, subdivision (e).

180. Labor Code section 210 provides that "in addition to, an entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections . . . 204 . . . shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the faulty compensation policies and practices, Plaintiff and the Aggrieved Employees are also entitled to recover penalties under Labor Code section 210 through PAGA.

181. Labor Code section 1197.1 authorizes a civil penalty, restitution of wages, and liquidated damages, in the amount of: (1) one hundred dollars ($100) for any initial violation that is intentionally committed for each underpaid employee for each pay period for which the employee is underpaid, and (2) two hundred fifty dollars ($250) for each subsequent violation for the same specific offense for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. Accordingly, through PAGA and to the extent permitted by law, Plaintiff and the Aggrieved Employees are entitled to recover pursuant to Labor Code section 1197.1.

182. Plaintiff was compelled to retain the services of counsel to file this action to protect her interests and those of the Aggrieved Employees, and to assess and collect the wages and penalties owed by Defendants. Plaintiff has thereby incurred attorneys'

fees and costs, which Plaintiff is also entitled to recover under Labor Code section 2699, subdivision (g)(1).

## VIII. DEMAND FOR JURY TRIAL

183. Plaintiff hereby demands trial by jury of Plaintiff's and the Class Members' claims against Defendants.

## IX. PRAYER FOR RELIEF

Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, as follows:

**1.** For an order certifying the proposed class;

**2.** For an order appointing Plaintiff as representative of the class;

**3.** For an order appointing Plaintiff's counsel as counsel for the class;

**4.** For the failure to pay all minimum wages, compensatory, consequential, general, and special damages according to proof pursuant to Labor Code sections 1194, 1194.2, 1197, and others as may be applicable;

**5.** For the failure to pay all overtime wages, compensatory, consequential, general, and special damages according to proof pursuant to Labor Code sections 510, 1194, 1198, and others as may be applicable;

**6.** For the failure to provide rest periods and pay missed rest period premiums, compensatory, consequential, general, and special damages according to proof pursuant to Labor Code section 226.7;

**7.** For the failure to provide meal periods and pay missed meal period premiums, compensatory, consequential, general, and special damages according to proof pursuant to Labor Code sections 226.7 and 512;

**8.** For the failure to pay all wages earned and unpaid at separation, statutory waiting time penalties pursuant to Labor Code sections 201 through 203, for the Class Members who quit or were fired in an amount equal to their daily wage multiplied by thirty days, as may be proven;

**9.** For the failure to indemnify all necessary business expenditures, all unreimbursed business expenses, and interest thereon, that are owed, pursuant to Labor Code section 2802, and attorney fees, pursuant to Labor Code section 2802, subdivision (c);

**10.** For the violations of California's Unfair Competition Law, restitution to Plaintiff and the other Class Members of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code sections 17200 through 17210;

**11.** For the claim of penalties pursuant to PAGA and other provisions of the California Labor Code, a civil penalty in the amount of $100 for the initial violation and $200 for each subsequent violation as specified in Labor Code section 2699, subdivision (f)(2), in the representative action brought on behalf of Plaintiff and the Aggrieved Employees pursuant the Labor Code Private Attorneys General Act of 2004, and for civil penalties available under Labor Code section 210;

**12.** Prejudgment interest on all due and unpaid wages pursuant to Labor Code section 218.6 and Civil Code sections 3287 and 3289;

**13.** On all causes of action for which attorneys' fees may be available, for attorneys' fees and costs as provided by Labor Code sections 218.5, 226, Code of Civil Procedure section 1021.5, and others as may be applicable;

**14.** For an order enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this complaint; and

**15.** For such other and further relief, this Court may deem just and proper.

Dated: August 1, 2025

**MELMED LAW GROUP P.C.**

Meghan Higday

**MEGHAN N. HIGDAY**
Attorneys for Plaintiff, the Putative Class, and the Aggrieved Employees